IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RICHARD D. EDWARDS,<br><br>                              Plaintiff,<br><br>        vs.<br><br>CONSOLIDATED RESOURCES<br>HEALTH CARE FUND I.L.P,<br><br>                              Defendant. | **8:16CV138**<br><br>**MEMORANDUM<br>AND ORDER** |

This matter comes before the Court upon plaintiff's request, under Federal Rule of Civil Procedure 56(d), that the Court defer ruling on defendant Consolidated Resources Health Care Fund I.L.P.'s ("Consolidated") pending Motion for Summary Judgment (Filing No. 25) until the plaintiff has had additional time conduct discovery. In the alternative, plaintiff seeks additional time in which to submit his brief in opposition to the pending Motion for Summary Judgment.[1]

## I.    BACKGROUND[2]

This case involves an allegation of sexual assault of SD, a vulnerable resident at Life Care Center Omaha, a nursing home operated by Consolidated. SD was transported to Immanuel Hospital on August 6, 2014 due to dehydration. Apparently, as part of normal medical testing, SD underwent a urinalysis. The test results showed traces of semen. When asked about the test results, SD told hospital personnel that she had been raped by a staff member at the nursing home. SD identified the staff member as a black male nurse's aide named Richard who was wearing maroon "pajamas" (scrubs).

---

[1]Plaintiff's Rule 56(d) request and alternative request for additional time in which to respond to the Motion for Summary Judgment are not made in the form of a separate motion, but rather are contained within a brief filed as a "response" to Consolidated's Motion for Summary Judgment. The Court will treat the request contained within the response as alternative motions.

[2]The factual background is based on the uncontroverted facts in the record at this point.

Hospital personnel notified Consolidated and reported SD's allegations to the Omaha Police Department ("OPD"). Officer Galloway arrived at the nursing home at about 4:00 p.m.—less than two hours after hospital personnel reported the test results to Consolidated. Upon his arrival, Officer Galloway informed Sara Delahoyde ("Delahoyde"), Consolidated's Executive Director, of the description SD gave. Delahoyde told Officer Galloway that only one employee meeting that description worked at the nursing home. Plaintiff, who was working at the facility as a Certified Nursing Assistant ("CNA") at the time, was taken into custody.

During the OPD investigation, Consolidated suspended plaintiff from his employment without pay. When follow-up DNA testing established that plaintiff was no longer a suspect, Consolidated told plaintiff that he could come back to work. He declined.

The Complaint in this matter was originally filed on March 30, 2016, alleging race discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, as well as under 42 U.S.C. § 1981.[3] Plaintiff did not obtain service of process until July of 2016, following the entry of a show-cause order on July 18, 2016.

Plaintiff filed an Amended Complaint on August 30, 2016, and Consolidated filed an Answer on September 13, 2016. The Answer denies the allegations and raises a number of affirmative defenses.

On October 14, 2016, the parties submitted a Report of Planning Meeting pursuant to Federal Rule of Civil Procedure 26(f). The Court entered an Order for Initial Progression of Case on October 17, 2016. On October 31, 2016, Consolidated filed the pending Motion for Summary Judgment (Filing No. 25).

_____

[3]In addition, plaintiff raises a number of pendent tort claims referencing negligence and gross negligence by Consolidated but makes no factual allegations supporting those claims.

2

In response, plaintiff claims he should be given additional time under Rule 56(d) to conduct discovery in this case.  Consolidated opposes that request.

## II.   DISCUSSION

Rule 56(d) provides:

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1)   defer considering the motion or deny it;

(2)   allow time to obtain affidavits or declarations or to take discovery; or

(3)   issue any other appropriate order.

Plaintiff argues he has had inadequate time to conduct discovery.  He points out that the Motion for Summary Judgment was filed before the parties had even exchanged their Rule 26 initial disclosures in this case.  Those disclosures have presumably been made.

Plaintiff did file an affidavit, as required by Rule 56(d) but that affidavit does little to illuminate the specific type of evidence sought by plaintiff and how that evidence would assist plaintiff in resisting the Motion for Summary Judgment.  Where a party seeks vague information which appears to be irrelevant to his case and where it is unclear that additional discovery would yield useful information, a denial of a Rule 56(d) motion is within a court's discretion.  *See*, *e.g.*, *Hicks v. Johnson*, 755 F.3d 738, 743 (1st Cir. 2014).  A court may deny a Rule 56(d) motion when the information sought would not appear to create a genuine issue of material fact sufficient for the defendant to survive summary judgment.  *See*, *e.g.*, *Pisano v. Strach*, 743 F.3d 927, 931 (4th Cir. 2014).  Rule 56(d) does not even "require trial courts to allow parties to conduct discovery before entering summary judgment." *Anzaldua v. Ne. Ambulance and Fire Prot. Dist.*, 793 F.3d 822, 836 (8th Cir. 2015) (quoting *United States ex rel. Small Bus. Admin. v. Light*, 766 F.2d 394, 397 (8th Cir. 1985) (per curiam)).  Rule 56(d) does not exist to allow for evidentiary fishing expeditions "where a plaintiff merely hopes to uncover some possible

3

evidence." Id. (quoting *Duffy v. Wolle*, 123 F.3d 1026, 1037 (8th Cir. 1997), *abrogated on other grounds by Torgerson v. City of Rochester*, 643 F.3d 1031, 1059 app. (8th Cir. 2011) (en banc)).

In *Saldi v. American National Bank*, No. 8:16-CV-61, 2016 WL 1389761, at *1 (D. Neb. April 7, 2016), this Court dealt with a similar request for Rule 56(d) relief.  In denying the motion, the Court found that simply having a "vague hope" that a plaintiff may uncover evidence which would allow it to rebut a properly supported motion for summary judgment "is not enough."  *Id.* at *2.  Moreover, as Consolidated correctly points out, "the mere assertion that evidence supporting an allegation is in the opposing party's hands is insufficient to justify a denial of a summary judgment motion on Rule 56(d) grounds." *Id.* at *1.

Plaintiff, through his Rule 56(d) motion, proposes to delay consideration of Consolidated's Motion for Summary Judgment so that he can engage in discovery relating to a number of issues that are irrelevant to the issue in this matter which is: whether ***Consolidated*** engaged in discriminatory behavior.  Plaintiff's request is based upon his belief that the initial police report is somehow "inconsistent" with later supplemental reports.  The initial report notes that the victim identifies a "Richard" as the perpetrator but does not mention that the perpetrator was black or that he wore maroon scrubs.

It is apparently plaintiff's position that Consolidated, or its employees suggested both the race of the alleged assailant and scrub color to the investigating officer (thereby indicating plaintiff as the only possible suspect).  Plaintiff argues that the real perpetrator was another employee named Richard, who was white (and who did not wear maroon

4

scrubs).[4]   This position is not supported by the police report or the reports given by Immanuel Hospital staff.

Based on the evidence presented to the Court at this time, the more-detailed description in the supplemental police reports did just that—it provided greater detail.  It does not, by itself, create an inconsistency.

OPD's decision to question, detain, and investigate plaintiff based upon SD's description does not raise an issue of discrimination by defendant.  And plaintiff's guilt or innocence is not an issue material to his discrimination claims.  The fact that the OPD could have done more in terms of its investigation (or cleared plaintiff sooner) does not appear to be relevant to plaintiff's claims against Consolidated.  As upsetting and distasteful as it undoubtedly was to be falsely accused of rape, that accusation did not come from Consolidated.  Consolidated did not make any accusations against plaintiff.  It merely confirmed to Officer Galloway that only one black male, named Richard, who wore maroon scrubs (as all CNAs did) worked at the facility.

Again, plaintiff was not terminated from his employment as a result of the arrest. Plaintiff was taken out of the work place by the OPD and was placed on suspension during the investigation of the charge.   Plaintiff apparently does not dispute that Consolidated offered him the opportunity to return to work after the OPD cleared him as a suspect.

Therefore, the Court fails to see how the following information that plaintiff's counsel indicates he would pursue in discovery is relevant to the issue to be decided in this case.   Absent a compelling explanation from plaintiff as to the need for such information, the following information is not discoverable:

---

[4]Consolidated's evidentiary submissions indicate only one other Richard worked at the facility.  That Richard, an older white male, worked as a Housekeeper/Floor Tech (not as a nurse assistant) and did not wear maroon scrubs.

1.    Documents regarding Consolidated's internal investigation.[5]

2.    The "safety mechanisms" in place to protect residents and employees, including "logs, documents, call light print outs, record of movements of people in and out of residents' rooms particularly [SD's] room on the dates in question, cameras showing movement of people at the entrance, hallways and other general areas of the facility."[6]

3.    The deposition of SD.[7]

4.    The deposition of other staff at Life Care Center Omaha.[8]

If plaintiff would seek the deposition testimony of Delahoyde or Officer Galloway relating to their initial conversations, such limited information may be relevant.

## III.    CONCLUSION

While the Court will not allow a fishing expedition into issues irrelevant to this lawsuit, the Rule 56(d) motion will be granted in part to permit plaintiff to conduct limited discovery.  Plaintiff shall have an additional forty days in which to respond to Consolidated's Motion for Summary Judgment.  During that time, plaintiff may undertake limited discovery regarding issues relevant to his claim of discrimination or negligence by Consolidated.  Accordingly,

IT IS ORDERED:

1.    Plaintiff's motion for relief under Federal Rule of Civil Procedure 56(d) is GRANTED in part and DENIED in part.

---

[5]Consolidated submitted the investigation report in support of its Motion for Summary Judgment (Filing No. 27-3, Exh. A2).  That report is fairly comprehensive and is supportive of Consolidated's position that this entire matter was driven by SD's report to Immanuel Hospital staff and Officer Galloway's investigation.

[6]In the Court's view, this information might bear on the plaintiff's guilt or innocence but likely does not establish Consolidated engaged in discriminatory practices with respect to plaintiff.

[7]The Court does not see the need to depose SD at this time, especially given SD's physical and mental condition.

[8]There is no indication that the OPD contacted other staff members before taking plaintiff into custody.  It is therefore unclear what any other staff would offer by way of relevant testimony.

2.      Plaintiff shall have forty (40) days from the date of this order to respond to Consolidated's Motion for Summary Judgment and may undertake limited discovery during that time consistent with this Memorandum and Order.

3.      Plaintiff's alternative motion for additional time is DENIED as moot.

Dated this 8th day of December, 2016.

BY THE COURT:

s/ *Robert F. Rossiter, Jr.*
United States District Judge